UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LORENZO M. COLE,

        Petitioner,

vs.                                Case No. 3:08-cv-1041-J-34MCR

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

        Respondents.

## **ORDER OF DISMISSAL WITH PREJUDICE**

### **A. Status**

Petitioner Lorenzo M. Cole, an inmate of the Florida penal system who is proceeding in forma pauperis, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2254 on October 15, 2008, pursuant to the mailbox rule. He challenges a February 23, 2000 state court (Duval County, Florida, Case No. 2000-CF-1363) judgment of conviction for lewd or lascivious conduct, as well as a May 7, 2002 revocation of probation. On March 30, 2009, Petitioner filed an Amended Petition (Doc. #9), in which he asserts the following grounds: the trial judge and defense counsel (Phyllis Wiley)

conspired with the prosecutor (ground six), who breached the February 7, 2000 plea agreement (ground one); defense counsel (Debra Billard) was ineffective because she failed to challenge the State's February 7th breach during the May 7, 2002 probation revocation proceedings (ground eight); and the circuit court lacked jurisdiction to accept the February 23, 2000 guilty plea and revoke probation on May 7, 2002 due to the State's February 7th breach (ground nine). Moreover, Petitioner alleges that defense counsel (Melina Buncome) was ineffective at the February 9th and 23rd plea hearings because she failed to: address the State's February 7th breach (ground two); object on February 23rd to the State threatening Petitioner with habitual felony offender sentencing (ground three); and advise Petitioner of the charge relating to the February 23rd guilty plea (ground four). Additionally, Petitioner claims that his February 23rd guilty plea was unknowingly and involuntarily entered (ground five); the May 7, 2002 sentence violates the Double Jeopardy Clause since Petitioner should not have been placed on probation (ground seven); and his May 6, 2005 sentence, which he is currently serving, was enhanced due to the lewd or lascivious conduct case (ground ten).[1]

---

[1] Petitioner Cole is currently serving a term of incarceration of eight years for fleeing and eluding a law enforcement officer, eight years for driving while his license was suspended, and five years for perjury. See Florida Department of Corrections website (http://www.dc.state.fl.us/ActiveInmates), Case No. 2001-CF-13103; Reply (Doc. #31) at 5; Amended Petition at 21, Ground Ten. The website lists his "current release date" as November 16, 2013.

Respondents contend that Petitioner's conviction (Case No. 2000-CF-1363) is "conclusively valid" and that, as Petitioner is not "in custody" on that conviction and did not file his federal petition until after the expiration of the sentence in Case No. 2000-CF-1363, that conviction is not open to collateral attack by writ of habeas corpus. See Respondents' Motion to Dismiss Amended Petition for Writ of Habeas Corpus (Response) (Doc. #12) with exhibits (Resp. Ex.), filed June 16, 2009. On November 10, 2008, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #5), admonishing Petitioner regarding his obligations and giving Petitioner a time frame in which to submit a reply. Petitioner has filed a memorandum in opposition to the response. See Petitioner's Motion to Deny Respondents' Motion to Dismiss and/or Petitioner's Response to Respondents' Motion to Dismiss Amended Petition for Writ of Habeas Corpus (Doc. #31) (Reply) with exhibits (Pet. Ex.). Having given Cole a sufficient opportunity to file a supplemental brief, this case is now ripe for review.[2]

## B. "In Custody" Issue

The following procedural history is relevant to the "in custody" issue. On February 7, 2000, the State charged Petitioner

---

[2] As of the date of this Order, Cole has not filed a supplemental brief. See Order (Doc. #46) (granting Cole a final extension until November 21, 2011, to file a supplemental brief), filed October 25, 2011; see also Orders (Docs. #36, #39, #41, #43).

with lewd or lascivious battery (count one) and lewd or lascivious conduct (count two). Resp. Ex. A, Case No. 2000-CF-1363, Information. Pursuant to a negotiated plea agreement, Petitioner, who was represented by counsel (Melina Buncome), plead guilty to lewd or lascivious conduct (count two) on February 23, 2000. Resp. Ex. B, Plea of Guilty and Negotiated Sentence. That same day, the court sentenced Petitioner to a one-year term of incarceration with credit for thirty-five (35) days for time served followed by three (3) years of sex offender probation. Resp. Ex. C, Judgment.

On January 25, 2001, a probation officer alleged that Petitioner, who had been released from his incarceration, violated the terms of his probation. Resp. Ex. D, Affidavit for Violation of Probation. Petitioner, who was represented by counsel (Rhonda Waters) admitted the alleged violation of probation on June 28, 2001. Id., Admission of Violation of Probation/Community Control and Negotiated Sentence - Form 8. That same day, the court sentenced Petitioner to twenty-two (22) days of incarceration with credit for twenty-two (22) days of time served and ordered that the probation be reinstated. Id., Judgment.

On December 7, 2001, a probation officer once again alleged that Petitioner violated the terms of his probation. Resp. Ex. E, Affidavit for Violation of Probation. On May 7, 2002, the court revoked Petitioner's probation and sentenced him to eight (8) years of incarceration with credit for one (1) year and two hundred and

thirteen (213) days for time served, to run concurrently with the sentence imposed in Case No. 2001-CF-13103.  <u>Id</u>., Judgment; Pet. Ex. 1, Partial Transcript of the May 7, 2002 Sentencing, at 200. On Petitioner's appeal,[3] the appellate court affirmed his conviction and sentence per curiam on January 13, 2004, <u>see</u> <u>Cole v. State</u>, 864 So.2d 402 (Fla. 1st DCA 2004); Resp. Ex. F, and the mandate issued on January 29, 2004, <u>see</u> Resp. Ex. F.  Petitioner did not seek review in the United States Supreme Court.

Calculating the May 7, 2002 sentence of eight (8) years or 2920 days, Petitioner's sentence ran until Wednesday, May 5, 2010. And, with credit for five hundred and seventy-eight (578) days for time served, Petitioner's sentence expired on Saturday, October 4, 2008.  The parties acknowledge that Cole's sentence in Case No. 2000-CF-1363 expired <u>before</u> he filed the Petition on October 15, 2008.[4]  Response at 3; Reply at 2.

Recently, the Eleventh Circuit set forth the law relating to whether a petitioner was "in custody" within the meaning of 28 U.S.C. § 2254 when he filed his petition.

---

[3] The Public Defender's Office represented Cole on appeal. <u>See</u> online docket, <u>Lorenzo Cole v. State of Florida</u>, Case No. 1D02-2086, website for the First District Court of Appeal (http://www.1dca.org); Resp. Ex. F.

[4] Cole's assertion, that he was "in custody" within the meaning of 28 U.S.C. § 2254 when he filed his Petition in this case due to his prior filing of habeas corpus cases challenging the same conviction, is unavailing.  <u>See</u> Reply at 2-7.

thirteen (213) days for time served, to run concurrently with the sentence imposed in Case No. 2001-CF-13103.  <u>Id</u>., Judgment; Pet. Ex. 1, Partial Transcript of the May 7, 2002 Sentencing, at 200. On Petitioner's appeal,[3] the appellate court affirmed his conviction and sentence per curiam on January 13, 2004, <u>see</u> <u>Cole v. State</u>, 864 So.2d 402 (Fla. 1st DCA 2004); Resp. Ex. F, and the mandate issued on January 29, 2004, <u>see</u> Resp. Ex. F.  Petitioner did not seek review in the United States Supreme Court.

Calculating the May 7, 2002 sentence of eight (8) years or 2920 days, Petitioner's sentence ran until Wednesday, May 5, 2010. And, with credit for five hundred and seventy-eight (578) days for time served, Petitioner's sentence expired on Saturday, October 4, 2008.  The parties acknowledge that Cole's sentence in Case No. 2000-CF-1363 expired <u>before</u> he filed the Petition on October 15, 2008.[4]  Response at 3; Reply at 2.

Recently, the Eleventh Circuit set forth the law relating to whether a petitioner was "in custody" within the meaning of 28 U.S.C. § 2254 when he filed his petition.

---

[3] The Public Defender's Office represented Cole on appeal. <u>See</u> online docket, <u>Lorenzo Cole v. State of Florida</u>, Case No. 1D02-2086, website for the First District Court of Appeal (http://www.1dca.org); Resp. Ex. F.

[4] Cole's assertion, that he was "in custody" within the meaning of 28 U.S.C. § 2254 when he filed his Petition in this case due to his prior filing of habeas corpus cases challenging the same conviction, is unavailing.  <u>See</u> Reply at 2-7.

> A district court has jurisdiction to entertain a § 2254 petition only if the petitioner is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). Generally, if the petitioner's state sentence has fully expired, he does not meet the "in custody" requirement. Id. at 492, 109 S.Ct. at 1926. However, when the § 2254 petition can be construed as asserting a challenge to the current state sentence that was enhanced by an allegedly invalid prior state conviction, the petitioner is "in custody" for purposes of federal habeas jurisdiction. Id. at 493-94, 109 S.Ct. at 1926-27; see also Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 399-402, 121 S.Ct. 1567, 1571-73, 149 L.Ed.2d 608 (2001) (concluding § 2254 petitioner satisfied "in custody" requirement because the earlier state conviction he nominally sought to challenge had been used to calculate his sentencing range for his later state conviction).
>
> Although such a § 2254 petitioner satisfies the "in custody" requirement, the petitioner may not collaterally attack the prior expired state sentence unless the petitioner alleges that the prior state conviction was obtained in violation of his Sixth Amendment right to counsel announced in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Lackawanna, 532 U.S. at 404, 121 S.Ct. at 1574. Additionally, the § 2254 petitioner seeking relief under the Lackawanna exception must satisfy the procedural prerequisites for relief. Id.

Green v. Price, 439 Fed.Appx. 777, 781-82 (11th Cir. 2011) (per curiam) (not selected for publication in the Federal Reporter).

In Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394 (2001), the United States Supreme Court extended the holding in Daniels v. United States, 532 U.S. 374 (2001), to preclude state prisoners' collateral attacks under § 2254 to expired state court convictions used to enhance current state sentences, absent extraordinary circumstances. Lackawanna, 532 U.S. at 402. The Court focused on the need for finality of convictions and ease of administration of cases. Id. at 402-03. Thus, Lackawanna provides an exception to the general rule for attacking a prior expired state sentence when such prior conviction had been obtained without the benefit of counsel in violation of Gideon v. Wainwright, 372 U.S. 335 (1963).

In Gideon, the United States Supreme Court held that a state court's refusal to appoint trial counsel, upon request, for an indigent defendant accused of a non-capital felony violated due process. Id. at 343-45.

> The right to counsel at trial flows from the explicit grant of this right in the Sixth Amendment made applicable to the states through the Due Process Clause of the Fourteenth Amendment. [Gideon, 372 U.S.] at 339, 83 S.Ct. at 794. There is no constitutional right to appeal. Ross v. Moffitt, 417 U.S. 600, 611, 94 S.Ct. 2437, 2444, 41 L.Ed.2d 341 (1974). However, if an appeal right is granted by statute, an indigent defendant also has a right to appointed counsel in his first appeal as of right. Douglas v. California, 372 U.S. 353, 357-58, 83 S.Ct. 814, 817, 9 L.Ed.2d 811 (1963) (holding that denial of indigent appellants' appeal without the benefit of counsel violated the Equal Protection Clause of the Fourteenth Amendment).

Jackson v. Sec'y for the Dep't of Corr., 206 Fed.Appx. 934, 936 (11th Cir. 2006) (per curiam) (not selected for publication in the Federal Reporter). The Eleventh Circuit has noted that the Lackawanna exception is not implicated where a defendant was represented by counsel during the proceedings relating to his prior conviction underlying the expired sentence. See Hubbard v. Haley, 317 F.3d 1245, 1256 n.20 (11th Cir. 2003), cert. denied, 540 U.S. 951 (2003).

As an initial matter, it appears from the record that Cole has satisfied the "in custody" requirement. Here, Cole brought the present § 2254 Petition attacking a 2000 state court conviction for lewd or lascivious conduct (Case No. 2000-CF-1363) and concedes that the sentence on that conviction had expired. However, as ground ten, Cole asserts that the 2000 state court conviction was used to enhance the May 6, 2005 sentence that he is currently serving. See Amended Petition at 21. Thus, pursuant to Lackawanna, Cole has satisfied the "in custody" requirement for purposes of federal habeas jurisdiction.

Nevertheless, although Cole satisfies the "in custody" requirement, he may not collaterally attack the prior expired state sentence unless he asserts that the prior state conviction was obtained in violation of his Sixth Amendment right to counsel announced in Gideon. Cole has not asserted a Gideon-type violation. Thus, he is not entitled to attack his expired

Jackson v. Sec'y for the Dep't of Corr., 206 Fed.Appx. 934, 936 (11th Cir. 2006) (per curiam) (not selected for publication in the Federal Reporter). The Eleventh Circuit has noted that the Lackawanna exception is not implicated where a defendant was represented by counsel during the proceedings relating to his prior conviction underlying the expired sentence. See Hubbard v. Haley, 317 F.3d 1245, 1256 n.20 (11th Cir. 2003), cert. denied, 540 U.S. 951 (2003).

As an initial matter, it appears from the record that Cole has satisfied the "in custody" requirement. Here, Cole brought the present § 2254 Petition attacking a 2000 state court conviction for lewd or lascivious conduct (Case No. 2000-CF-1363) and concedes that the sentence on that conviction had expired. However, as ground ten, Cole asserts that the 2000 state court conviction was used to enhance the May 6, 2005 sentence that he is currently serving. See Amended Petition at 21. Thus, pursuant to Lackawanna, Cole has satisfied the "in custody" requirement for purposes of federal habeas jurisdiction.

Nevertheless, although Cole satisfies the "in custody" requirement, he may not collaterally attack the prior expired state sentence unless he asserts that the prior state conviction was obtained in violation of his Sixth Amendment right to counsel announced in Gideon. Cole has not asserted a Gideon-type violation. Thus, he is not entitled to attack his expired

Jackson v. Sec'y for the Dep't of Corr., 206 Fed.Appx. 934, 936 (11th Cir. 2006) (per curiam) (not selected for publication in the Federal Reporter). The Eleventh Circuit has noted that the Lackawanna exception is not implicated where a defendant was represented by counsel during the proceedings relating to his prior conviction underlying the expired sentence. See Hubbard v. Haley, 317 F.3d 1245, 1256 n.20 (11th Cir. 2003), cert. denied, 540 U.S. 951 (2003).

As an initial matter, it appears from the record that Cole has satisfied the "in custody" requirement. Here, Cole brought the present § 2254 Petition attacking a 2000 state court conviction for lewd or lascivious conduct (Case No. 2000-CF-1363) and concedes that the sentence on that conviction had expired. However, as ground ten, Cole asserts that the 2000 state court conviction was used to enhance the May 6, 2005 sentence that he is currently serving. See Amended Petition at 21. Thus, pursuant to Lackawanna, Cole has satisfied the "in custody" requirement for purposes of federal habeas jurisdiction.

Nevertheless, although Cole satisfies the "in custody" requirement, he may not collaterally attack the prior expired state sentence unless he asserts that the prior state conviction was obtained in violation of his Sixth Amendment right to counsel announced in Gideon. Cole has not asserted a Gideon-type violation. Thus, he is not entitled to attack his expired

conviction under the Gideon exception articulated in Lackawanna. Moreover, the record reflects that Cole was represented by counsel during the proceedings related to his prior expired state court conviction and sentence. See Hubbard, 317 F.3d at 1256 n.20. The state court also informed Cole that he could appeal his conviction and sentence, and the record reflects that counsel represented him on appeal. Therefore, this case does not warrant special treatment. See Lackawanna, 532 U.S. at 405-06.

In accordance with Lackawanna, habeas relief is unavailable to Petitioner through a federal petition for writ of habeas corpus under 28 U.S.C. § 2254. This Court finds no extraordinary circumstances justifying the allowance of this collateral attack. Accordingly, Respondents' Motion to Dismiss will be granted, and this action will be dismissed with prejudice.

### C. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Petitioner appeals the dismissal of the Amended Petition, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484

(2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' request to dismiss this case with prejudice (Doc. #12) is **GRANTED.**

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice and shall close this case.

4. If Petitioner appeals the dismissal of the Amended Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of February, 2012.

MARCIA MORALES HOWARD
United States District Judge

sc 1/31
c:
Lorenzo Cole
Ass't Attorney General (Jordan)